IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM CARSON THOMAS, | : | |
| | : | 1:11-cv-1455 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. J. Andrew Smyser |
| DAVID ALLEN KUHNS, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

**December 6, 2011**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge J. Andrew Smyser (Doc.11), filed on November 14, 2011, which recommends that the complaint of Plaintiff William Carson Thomas ("Plaintiff" or "Thomas") be dismissed for failure to state a claim upon which relief can be granted. No objections to the R&R have been filed by any party.[1] For the reasons set forth below, the Court will adopt the R&R.

---

[1] Objections were due by December 1, 2011.

## I. STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. PROCEDURAL/FACTUAL BACKGROUND

Plaintiff, a prisoner at the State Correctional Institution at Rockview ("SCI-Rockview"), alleges that the Defendant, David Allen Kuhns ("Defendant" or "Kuhns"), sanctioned him to 270 days in disciplinary custody in the Restricted

Housing Unit ("RHU") and as a result, he suffered emotional distress.[2]  Plaintiff further alleges that Kuhns could have run his sanctions concurrently, for a total sanction of 90 days in RHU, but he did not do so because he was retaliating against Plaintiff for filing a previous civil action.  Plaintiff seeks monetary damages.

Plaintiff filed the instant action on August 8, 2011.  Plaintiff also filed a motion for leave to proceed *in forma pauperis*, which was granted by Order dated September 15, 2011. (Doc. 8).  Within that same Order, Magistrate Judge Smyser reviewed the Plaintiff's *pro se* complaint and determined that it failed to state a claim upon which relief could be granted.  As such, Plaintiff was granted leave to file, on or before October 17, 2011, an amended complaint.  On September 29, 2011, the Plaintiff filed a document entitled "Amend Complaint." (Doc. 9).  Thereafter, on November 14, 2011, Magistrate Judge Smyser issued the instant R&R, reviewing the Plaintiff's pleadings pursuant to 28 U.S.C. § 1915A and recommending that the amended complaint be dismissed for failure to state a claim upon which relief may be granted (Doc. 11).

## III.   DISCUSSION

As noted by Magistrate Judge Smyser, the document purported to be an amended complaint filed by the Plaintiff is not really an amended complaint.

---

[2] Ultimately, the Plaintiff only served 4 months and nineteen days in the RHU.

Rather, it states that the Plaintiff is seeking $500,000 in damages, but that he will settle the case for $40,000.  The submission also states that Plaintiff has "sent a criminal complaint" that alleges "violations of the law and universal human rights," however Plaintiff does not state to whom the criminal complaint was allegedly sent.

Further, the Magistrate Judge notes that, construed liberally, Plaintiff's amended complaint may be seen as attempting to raise both a due process and a retaliation claim.  However, Plaintiff has not alleged any facts to infer that he was subjected to atypical and significant hardship in relation to the ordinary incidents or prison life such that he had a liberty interest protected by the Due Process clause.  See Smith v. Mensinger, 293 F. 3d 641 (3d Cir. 2002)(prisoners must show more than lengthy disciplinary confinement to establish a deprivation of a liberty interest protected by the Due Process clause).  Further, with respect to Plaintiff's purported retaliation claim, Plaintiff has not alleged any facts from which it can be reasonably inferred that his prior civil action was a substantial or motivating factor in the Kuhns' decision, or that Kuhns was even aware of Plaintiff's prior civil action.  Thus, we agree with Magistrate Judge Smyser that Plaintiff has failed to state sufficient facts to support a retaliation claim.

As we have already mentioned, the Plaintiff has not filed objections to this R&R.  Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety.  With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*.  An appropriate Order shall issue.